UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUT FESSEHAZION,

                Plaintiff,

                - against -

HUDSON GROUP, et al.,

                Defendants.

OPINION & ORDER

08 Civ. 10665 (BSJ) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Pro se plaintiff Rut Fessehazion commenced this action on December 9, 2008, alleging discrimination in employment in violation of municipal law, New York State law, and Title VII of the Civil Rights Act of 1964. Pending before the Court is Fessehazion's motion for reconsideration of this Court's denial of her motion for the appointment of counsel. For the reasons set forth below, Fessehazion's application is **GRANTED**.

## II.  BACKGROUND

The facts of this case are set forth in greater detail in this Court's Opinion & Order of August 21, 2009. (*See* Doc. No. 16.) In that Opinion & Order, the Court denied without prejudice Fessehazion's request for the appointment of counsel. (*Id*.) During a status conference before the Court on August 27, 2009, Fessehazion presented additional information about her case, and orally moved the Court to reconsider its denial of her application.

## III.  DISCUSSION

To prevail on a motion for reconsideration, a movant must show that the court overlooked factual matters or controlling precedent "that might have materially influenced its earlier

decision." *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 473 (S.D.N.Y. 1996) (citing *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). This criteria is strictly construed against the moving party. *See Monaghan v. SZS 33 Assoc., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y.1994); *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York*, 139 F.R.D. 294, 294-95 (S.D.N.Y.1991), *aff'd*, 972 F.2d 482 (2d Cir.1992). Motions for reconsideration lie within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983). S.D.N.Y. Local Civil Rule 6.3 instructs that:

> A notice of motion for reconsideration or reargument ***of a court order determining a motion*** shall be served within ten (10) days after ***the entry*** of the court's determination of the original motion, ***or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment***. . . ."

(emphasis in original). (Local Civ. R. 6.3.)

Fessehazion's motion for reconsideration, made less than ten days after the Court's entry of its determination on her original motion, is timely. Moreover, as noted in this Court's August 21, 2009, Opinion & Order, Fessehazion satisfies the threshold requirement of indigence insofar as her *in forma pauperis* status establishes her inability to afford counsel. Based on the facts alleged in her Complaint, and the additional details she presented to the Court during the August 27, 2009, conference, Fessehazion's claim appears to be sufficiently meritorious to also satisfy the second threshold requirement that her "position seem[] likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

Once an initial determination has been made as to indigence and merit, the Court has discretion to consider: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof

presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-62. At the time that Fessehazion first moved this Court for the appointment of counsel, there was no reason to believe that such appointment would be more likely to lead to a just determination of her claims. However, during the August 27, 2009 status conference, Fessehazion indicated legal and factual matters lending additional complexity to her claims. It appears that the appointment of counsel will assist Fessehazion in the navigation of the legal complications of her case, as well as to aid her in the development of the evidence. In addition, while the language issues raised in her original application do not prevent Fessehazion from articulating her allegations, the Court finds that she is unable to investigate critical facts without assistance of counsel.

Having considered the additional information Fessehazion has presented, her motion for the appointment of counsel is hereby **GRANTED**. Plaintiff's case will be added to the list of cases eligible for the appointment of counsel.

The status conference scheduled for October 1, 2009, at 10:00 a.m. is adjourned to **December 1, 2009, at 10:00 a.m.** If no counsel has appeared as of that date, Fessehazion may be required to proceed in the absence of counsel.

**SO ORDERED this 31st day of August 2009**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3